# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1209


**LISA JOHNSON, ET AL.**

**VERSUS**

**ASHLEY CITIZEN, ET AL.**


**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 05-C-0358-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Marc T. Amy, Judges.

**REVERSED AND REMANDED.**

**Keith M. Borne**
**Borne & Wilkes, L.L.P.**
**Post Office Box 4305**
**Lafayette, LA 70502-4305**
**(337) 232-1604**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
     **Safeway Insurance Company of Louisiana**
     **Alex Savoy**
     **Eugene Savoy**

**Dominic J. Ovella**
**Hailey, McNamara, Hall, Larmann & Papale, L.L.P.**
**Post Office Box 8288**
**Metairie, LA 70011-8288**
**(504) 836-6500**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Enterprise Leasing Company of New Orleans**

**Dawn L. Morris**
**Preis & Roy**
**Post Office Drawer 94-C**
**Lafayette, LA   70509**
**(337) 237-6062**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Lisa Johnson**

AMY, Judge.

The plaintiff filed suit against her uninsured motorist insurer, among others, following an automobile accident. Both the plaintiff and the insurer filed motions for summary judgment regarding the validity of a uninsured motorist coverage waiver. The trial court granted summary judgment in favor of the plaintiff, finding the waiver ineffective due to the form's lack of a policy number. The insurer appeals. The plaintiff answers the appeal, asserting that the trial court erred in denying her request for penalties and attorney fees due to the insurer's failure to tender its UM policy limits. For the following reasons, we reverse and remand.

**Factual and Procedural Background**

The plaintiff, Lisa Johnson, alleges that her minor son was injured in an April 3, 2004 automobile accident. She filed the instant matter, naming Safeway Insurance Company of Louisiana as a defendant in its capacity as her uninsured motorist insurer. Safeway asserted that the plaintiff waived uninsured motorist coverage at the time she completed the application for her policy, February 25, 2004.[1]

The plaintiff filed a motion for summary judgment seeking a determination that the UM coverage waiver urged by Safeway was ineffective due to *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544, wherein the Louisiana Supreme Court determined that an insurer's failure to include a policy number on the UM coverage waiver form rendered the waiver invalid. The plaintiff also sought penalties and attorney fees for Safeway's refusal to tender the UM policy limits. Safeway filed a counter motion for summary judgment, arguing that *Duncan* is inapplicable where the

---

[1] Although Safeway was also named as a defendant in its capacity as the insurer of the driver of another vehicle involved in the accident, this latter capacity is not at issue in the matter now before the court.

policy number had not been assigned at the time the UM coverage waiver form was executed.

Following a hearing, the trial court granted the plaintiff's motion for summary judgment, finding the UM coverage waiver invalid pursuant to *Duncan*. The trial court denied the request for penalties and attorney fees. The trial court also denied Safeway's motion for summary judgment.[2] The trial court designated the judgment granting the plaintiff's motion for summary judgment as a final judgment and expressly determined that there was no just reason for delay.

Safeway appeals, assigning the following as error:

> The trial court erred in concluding that the rejection of uninsured motorist coverage by Safeway Insurance Company of Louisiana's named insured was invalid due to the fact that there was not a policy number placed on said form, as there was not a policy number available to place on said form when it was executed by the named insured, since it was executed at the same time that the application for said form was completed, a point in time when a policy number had not yet been assigned.

The plaintiff answered the appeal and again seeks penalties and attorney fees.

---

[2] The trial court explained at the hearing;

> The Court will deny the Motion for Summary Judgment on behalf of Safeway and grant the motion on behalf of the plaintiff. The Court finds that it must adhere to the Duncan decision. As indicated by both counsel, the issue of whether or not the policy number needs to be placed on the - - on the rejection form at the time of execution by the insurer - - insured without there presently being a policy number was not addressed in Duncan. However, this Court is without any information by reading the Duncan decision as to whether or not there was, in fact, a policy number at the time that the rejection form was signed. In that respect, this Court finds that it must follow the Supreme Court case of Duncan.
>
> As to the penalties and attorney's fees, the Court will deny same in that the Court feels that this was not arbitrary and capricious on behalf of Safeway . . . .

**Discussion**

*Summary Judgment*

Louisiana Code of Civil Procedure Article 966(B) provides that a summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." A trial court's determination as to a motion for summary judgment is reviewed *de novo* on appeal. *Supreme Services v. Sonny Greer, Inc.*, 06-1827 (La. 5/22/07), 958 So.2d 634.

*Merits*

In *Duncan*, 950 So.2d 544, the supreme court addressed whether the Uninsured/Underinsured Motorist Bodily Insurance Coverage Form, designated for selection of UM coverage by the Commission of Insurance, must contain the insurance policy number in order for a waiver to be effective. The supreme court ultimately found that the "failure to fill in the policy number on the form prescribed by the commissioner of insurance invalidates the UM waiver, and consequently, the UM coverage is equal to the liability limits of the policy." *Id.* at 554.

The plaintiff in this case supported her motion for summary judgment with the UM coverage waiver at issue. Dated February 25, 2004, the form contains the inscription "TBD" in lieu of a policy number.

In its counter motion, Safeway asserted that *Duncan* was inapplicable as the supreme court case contains no information regarding the *availability* of a policy number at the time of the execution of the form under consideration. Safeway submitted the affidavit of Cynthia Balthazar, an employee of the insurance agency

3

that accepted the Safeway policy application, who explained that she assisted the plaintiff and that:

> [T]he only reason why a policy number was not placed on the Uninsured/Underinsured Motorist Bodily Injury Coverage Form is that there was not a policy number assigned by Safeway Insurance Company of Louisiana at the time that the Uninsured/Underinsured Motorist Bodily Injury Coverage was completed, as it was completed in connection with the application for a policy with Safeway Insurance Company of Louisiana and at that time no policy number had been assigned. Accordingly, the initials "TBD" (to be determined) were placed on said form for the policy number.

Paula Thibodeaux, an underwriting manager for Safeway, also explained by affidavit that, at the time of the signing of the application and UM coverage form, the policy number was unavailable and "was not assigned by Safeway Insurance Company of Louisiana until receipt of the application for insurance[.]" Ms. Thibodeaux stated that:

> Safeway Insurance Company of Louisiana has, at all times, relied upon the instructions provided by the office of the Louisiana Commissioner of Insurance with regard to the proper execution of Uninsured/Underinsured Motorist Bodily Injury Coverage Forms, including Bulletin LIRC 98-03 which states, in pertinent part, "The policy number should be shown at the lower right hand corner of the UM Form. In the case where a policy number is not available, the space for the policy number may be left blank or a binder number may be inserted." [ ]

A copy of Bulletin 98-03, referenced above, was included with the submission.

In opposition to Safeway's motion, the plaintiff submitted her previously cancelled Safeway policy and argued that "absent a policy number on a UM waiver, no presumption of valid waiver can attach because it cannot be known to which policy such a UM waiver refers."

The trial court rejected Safeway's arguments and relied on *Duncan* in granting summary judgment in favor of the plaintiff. However, in the period of time between

4

the order of appeal and this court's briefing period, the supreme court granted a writ

application from a first circuit ruling, and stated:

> Granted. The judgment of the trial court is reversed and Imperial's motion for summary judgment is granted for the reasons assigned by the dissenting judge in the court of appeal. We also note this case is factually distinguishable from *Duncan v. USAA Ins. Co.*, 06-0363 (La. 11/29/06), 950 So.2d 544, because the Commissioner of Insurance's regulations specifically allow omission of the policy number if it does not exist at the time [the] UM waiver form is completed.

*Carter v. State Farm Mut. Auto. Ins. Co.*, 07-1294 (La. 10/5/07), 964 So.2d 375, 376.

In our review, we consider the parties' submissions in light of both *Duncan* and

*Carter*. Although *Carter* was not available to the trial court, it now fully reveals that

the present matter is factually distinguishable from *Duncan*. It is unquestioned that

the UM coverage form lacked a policy number. However, as in *Carter*, Safeway's

submission indicates that the policy number may not have existed at the time the UM

coverage form was completed. For these reasons, the granting of summary judgment

in favor of the plaintiff, and finding the waiver ineffective, was in error and must be

reversed. This determination renders moot the plaintiff's answer to the appeal,

wherein she requests penalties and attorney fees for Safeway's failure to tender the

UM policy limits pursuant to *Duncan*.

As only the granting of the summary judgment in favor of the plaintiff is before

this court on appeal, we do not consider whether summary judgment should have

been entered in favor of Safeway. Rather, we remand this matter for further

proceedings in light of *Carter*, 964 So.2d 375.

5

**DECREE**

For the foregoing reasons, the summary judgment entered in favor of the plaintiff, Lisa Johnson, is reversed. This matter is remanded for further proceedings. All costs of this appeal are assessed to Ms. Johnson.

**REVERSED AND REMANDED.**