NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1004

TINA NORMAND

VERSUS

NATIONAL AUTOMOTIVE INSURANCE CO.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2007-0481-B
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

REVERSED AND REMANDED.

Kenneth E. Pickering
Pickering & Cotogno
301 Magazine St., Suite 300
New Orleans, LA 70130
(504) 581-1222
Counsel for Defendant-Appellant:
National Automotive Insurance Co.

**Brian M. Caubarreaux**
**Brian Caubarreaux & Associates**
**P. O. Box 129**
**Marksville, LA 71351**
**(318) 253-0900**
**Counsel for Plaintiff-Appellee:**
**Tina Normand**

**PICKETT, Judge.**

The defendant-appellant, National Automotive Insurance Company, appeals a judgment of the trial court granting summary judgment in favor of the plaintiff, Tina Normand, and finding that Ms. Normand did not execute a valid waiver of uninsured/underinsured motorist coverage.

## STATEMENT OF THE CASE

Tina Normand purchased an automobile insurance policy on September 6, 2006, from National Automotive Insurance Company (NAIC). On the same day, she signed an "Uninsured/Underinsured Motorist Bodily Injury Coverage Form." She initialed the option rejecting UM coverage.

On December 22, 2006, Ms. Normand was involved in an automobile accident. She settled her claim against the insurer for the other vehicle involved in the accident for the policy limits. On April 25, 2007, Ms. Normand filed suit against NAIC alleging that it provided UM coverage for her damages above the amount for which she settled. She alleged that the UM rejection was invalid because the policy number was not on the form as required by law.

NAIC filed a motion for summary judgment alleging that the policy number was not available at the time the form was signed and therefore its inclusion on the form was not required. Ms. Normand filed a cross motion for summary judgment alleging that the failure to include the policy number on the waiver form could not be excused. The trial court held a hearing on the motions on October 1, 2007, and ruled that the rejection of UM coverage was invalid under the supreme court's holding in

1

*Duncan v. U.S.A.A. Insurance Co.*, 06-363 (La. 11/29/06), 950 So.2d 544. Thus,

NAIC did provide UM coverage to Ms. Normand under the policy. The trial court

signed a judgment on July 1, 2008, denying NAIC's motion for summary judgment

and granting Ms. Normand's cross motion for summary judgment.

NAIC appeals the trial court's judgment.

## ASSIGNMENTS OF ERROR

The defendant-appellant, NAIC, asserts two assignments of error:

1.    The trial court erred in granting Tina Normand's Cross Motion for Summary Judgment, where at the time the UM/Rejection Form was executed the policy number did not exist; and

2.    The trial court's granting of Tina Normand's Cross Motion for Summary Judgment constitutes legal error in light of *Carter v. State Farm Mutual Automobile Insurance Co.*, 07-1294 (La. 10/5/07), 964 So.2d 375.

## DISCUSSION

Appellate courts review summary judgments de novo under the same criteria

that govern the trial court's consideration of whether a summary judgment is

appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342

(La.1991). The mover is entitled to judgment "if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with supporting affidavits, if any,

show there is no genuine issue as to material fact and the mover is entitled to

judgment as a matter of law." La.Code Civ.P. art. 966(B).

The only issue before the court is whether the failure to include the policy

number on the UM waiver form makes the waiver invalid. Relying on *Duncan*, 950

So.2d 544, the trial court said that the rejection of UM coverage was invalid because

2

the policy number was not included on the form. In *Duncan*, the supreme court found that the failure to include the policy number on the UM waiver form prescribed by the insurance commissioner invalidated the UM waiver.

After the hearing was held on the motions for summary judgement, but before the judgment was signed, the supreme court issued a brief memorandum opinion in *Carter*, 964 So.2d at 376, the entirety of which states:

> Granted. The judgment of the trial court is reversed and Imperial's motion for summary judgment is granted for the reasons assigned by the dissenting judge in the court of appeal. We also note this case is factually distinguishable from *Duncan v. USAA Ins. Co.*, 06-363 (La.11/29/06), 950 So.2d 544, because the Commissioner of Insurance's regulations specifically allow omission of the policy number if it does not exist at the time UM waiver form is completed.

Relying on the supreme court's decision in *Carter*, this court reversed a trial court's grant of summary judgment in a similar case in *Johnson v. Citizen*, 07-1209 (La.App. 3 Cir. 3/5/08), 978 So.2d 1087. We held that if the policy number does not exist at the time the waiver form is signed, it does not need to be included on the waiver form. Since there was an issue of whether the number was available at the time the waiver form was signed, we found that summary judgment was inappropriate.

Here, NAIC attached an affidavit to its motion for summary judgment which stated that the policy number was not available at the time the UM waiver form was signed by Ms. Normand. Ms. Normand argues that the number was available because the number was included on the application form which was filled out the same day.

3

This dispute constitutes a genuine issue of material fact which makes summary judgment inappropriate.

## CONCLUSION

The judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to Ms. Normand.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.