12 So.3d 357 (2009)
Victoria DIXON Individually and o/b/o The Minors and Barbara Jackson
v.
DIRECT GENERAL INSURANCE COMPANY OF LOUISIANA.
No. 2008 CA 0907.
Court of Appeal of Louisiana, First Circuit.
March 27, 2009.
*358 Christopher L. Whittington, Randolph A. Piedrahita, Baton Rouge, LA, for Plaintiffs/Appellants, Victoria Dixon, individually and on behalf of the minors LaSadie Dixon and Steven Dixon, and Barbara Jackson.
Kimberly R. Louper, Matthew W. Bailey, Baton Rouge, LA, for Defendant/Appellee, Direct General Insurance of Louisiana.
Before KUHN, GUIDRY, GAIDRY, McDONALD, and HUGHES, JJ.
KUHN, J.
This appeal presents the issue of whether an uninsured/underinsured motorist ("UM") bodily injury coverage waiver form is invalid simply because it does not *359 bear the name of the insurer. Where the pertinent designated spaces on the UM form are filled out and the requirements of Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544, are met, the absence of the insurance company's name from the form does not render it invalid, despite the language of Louisiana Insurance Rating Commission ("LIRC") Bulletin 98-01. Thus, we affirm the trial court's judgment that granted the defendant-insurer's motion for summary judgment and denied the plaintiffs' motion for summary judgment, dismissing plaintiffs' claims with prejudice.

I. FACTUAL AND PROCEDURAL HISTORY
On November 21, 2007, plaintiffs, Barbara Jackson and Victoria Dixon, individually and on behalf of her minor children, LaSadie Dixon and Steven Dixon, filed a petition for damages against defendant, Direct General Insurance Company of Louisiana ("Direct General"). The petition alleged that on February 9, 2007, while Ms Dixon's vehicle was stopped at an intersection, it was rear-ended by another vehicle, which was driven by Demecca Johnson. Ms. Dixon's children and Ms. Jackson were passengers in Ms. Dixon's car, and the petition asserts that all four sustained injury resulting from the accident.
According to the petition, Allstate Insurance Company, Ms. Johnson's insurer, paid its policy limits to plaintiffs. Plaintiffs further averred that Direct General provided UM coverage on the vehicle driven by Ms. Dixon and plaintiffs' damages exceeded the underlying amount of coverage. Accordingly, they sought a judgment against Direct General in their favor.
Direct General answered the petition, generally denying liability on the basis that Ms. Dixon "properly and legally rejected uninsured motorist coverage, and therefore, did not have any uninsured or underinsured motorist coverage in effect at the time of the accident sued upon." Thereafter, Direct General filed a motion for summary judgment, seeking the dismissal of plaintiffs' claims on the basis that Ms. Dixon had rejected UM coverage in conjunction with her application for liability coverage with Direct General. Plaintiffs, in turn, filed a cross motion for summary judgment, seeking a declaration that Direct General's policy afforded UM coverage in an amount equal to the liability limits of the policy.
Following a hearing, the trial court found the UM form established a valid waiver of UM coverage and granted Direct General's motion for summary judgment. The judgment further denied plaintiffs' motion for summary judgment and dismissed plaintiffs' claims with prejudice at plaintiffs' costs. Plaintiffs have appealed, urging the UM form signed by Ms. Dixon "did not comply with the requirements of La. R.S. 22:680(1)(a)(i) and LIRC 98-01 and is therefore invalid," because it failed to identify Direct General as the insurance company.[1]

II. ANALYSIS
When an appellate court reviews a trial court judgment on a motion for summary judgment, it applies the de novo standard of review, "using the same criteria that govern the trial court's consideration *360 of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." Gray v. American Nat'l Property & Cos. Co., 07-1670, p. 6 (La.2/26/08), 977 So.2d 839, 844, see La. C.C.P. art. 966(B). In reviewing this judgment, we must apply the burden of proof imposed upon a movant in a motion for summary judgment, which is set forth as follows in La. C.C.P. art. 966(C)(2):
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
When a case involves cross motions for summary judgment, the court should determine whether either party has established there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Id. The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be resolved properly within the framework of a motion for summary judgment. Green v. State Farm Mut. Auto. Ins. Co., 07-0094, p. 3 (La.App. 1st Cir.11/2/07), 978 So.2d 912, 914, writ denied, 08-0074 (La.3/7/08), 977 So.2d 917.
Under the UM coverage statute, La. R.S. 22:1295, the requirement of UM coverage is an implied amendment to any automobile liability policy, even when not expressly addressed, as UM coverage will be read into the policy unless validly rejected.[2]See Duncan, 06-363 at p. 4, 950 So.2d at 547. UM coverage embodies a strong public policy. Id. The object of UM *361 coverage is to provide full recovery for automobile accident victims who suffer damages caused by a tortfeasor, who is not covered by adequate liability insurance. Id. UM rejection "shall be made only on a form prescribed by the commissioner of insurance." La. R.S. 22:1295(1)(a)(ii). This statute provides, in part, that "[a] properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage." Id.
The UM coverage statute is to be liberally construed. Duncan, 06-363 at p. 4, 950 So.2d at 547. Accordingly, the insurer bears the burden of proving any insured named in the policy rejected in writing the coverage equal to bodily injury coverage or selected lower limits. Id., 06-363 at p. 5, 950 So.2d at 547. Ultimately, a determination of whether Direct General was entitled to summary judgment depends on whether it carried its burden of producing factual support sufficient to establish that it would be able to satisfy its evidentiary burden of proof at trial, i.e., by producing a valid UM coverage form by which the named insured under the policy, Ms. Dixon, rejected such coverage.
On December 2, 2006, Ms. Dixon completed an application for automobile liability insurance with Direct General. Included in the application was a form entitled, "Uninsured/Underinsured Motorist Bodily Injury Coverage Form." The parties do not dispute that Ms. Dixon signed this form after initialing the selection that indicated she did not want UM bodily injury coverage.[3] Plaintiffs contend however, that the form is invalid because it does not fully comply with Bulletin 98-01 in that it fails to name the insurer.
By 1997 La. Acts, No. 1476, § 3, the Louisiana Legislature amended La. R.S. 22:1406 D(1)(a),[4] to mandate that the rejection, selection of lower limits, or selection of economic-only UM coverage be made only on a form prescribed by the commissioner of insurance. In response to the legislature's mandate in Act 1476, the commissioner of insurance issued Bulletin 98-01. In the section of Bulletin 98-01 entitled, "UNINSURED/UNDERINSURED MOTORIST BODILY INJURY COVERAGE FORM," it states "[w]ith this Bulletin[,] the LIRC distributes the form prescribed by the Commissioner of Insurance for the selection of lower coverage limits, selection of economic-only coverage, or rejection of uninsured and underinsured motorist coverage." Bulletin 98-01 further states:
The prescribed UM Form is required by law to be used with all automobile insurance policies delivered or issued for delivery in Louisiana. For identification purposes, the company name must be placed at the lower left-hand corner and the policy number at the lower right-hand corner of the Form.
[Emphasis in original.]
The court in Duncan examined the UM form prescribed by the commissioner of insurance and found that it outlined six tasks:
(1) initialing the selection or rejection of coverage chosen; (2) if limits lower than *362 the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date.
Duncan, 06-363 at 11-12, 950 So.2d at 551. Because the form completed by the insured in Duncan did not include a policy number, the court found the form was invalid. Duncan, 06-363 at 14-15, 950 So.2d at 553.[5]
In the present matter, it is undisputed that the six tasks outlined by the Duncan court for a valid UM waiver are met. We conclude the absence of the insurance company's name in the lower-left hand corner of the form does not negate the form's effectiveness, despite the language of LIRC Bulletin 98-01. Because the Duncan requirements have been met, the UM form is valid. Gingles v. Dardenne, 08-2995, p. 1 (La.3/13/09), 4 So.2d 799 (per curiam), wherein the Supreme Court addressed the issue presented herein; i.e., is a UM rejection form that lacks the insurance company's name "properly completed" as required by La. R.S. 22:1295(l)(a)(ii)?[6] Finding that "the pertinent designated spaces on the form were filled out," and the six Duncan requirements for a compliant UM rejection form were satisfied, the court granted summary judgment in favor of the insurer.
Because the waiver form in the instant case meets the requirements of La. R.S. 22:1295, bears the proper form proscribed by the Louisiana Commissioner of Insurance, meets all of the requirements of Duncan, and as such, contains all essential information to accurately identify the applicable policy at issue, it is valid and enforceable. Requiring the UM form to bear the name of the insurance company where there is no uncertainty regarding the policy to which the form pertains would be a hyper-technical, absurd result. See Harper v. Direct General Ins. Co., 08-2874, p. 2 (La.2/13/09), 2 So.2d 418. The purpose of requiring the UM waiver to be clear and unmistakable is to establish that the insured knowingly waived coverage under a particular policy. In this case, we find the form executed by plaintiff herein complies with the formal requirements of law in that there is a clear rejection of UM coverage, the form is signed and dated, and it contains the policy number and the name of the insured.
Accordingly, by submitting the applicable UM form in support of its motion for summary judgment, Direct General produced factual support sufficient to establish that it would be able to satisfy its evidentiary burden of proof at trial, i.e., that Ms. Dixon rejected UM coverage by initialing and signing the UM form, indicating she did not want UM coverage. At that point, the burden shifted to plaintiffs to rebut the presumption that Ms. Dixon knowingly rejected UM coverage. Because plaintiffs presented no evidence to *363 counter the valid UM coverage form, we conclude, as the trial court did, that there are no genuine issues of material fact, and that Direct General is entitled to judgment as a matter of law.

III. CONCLUSION
For these reasons, we affirm the trial court's judgment. Plaintiffs, Barbara Jackson and Victoria Dixon, are each assessed with one-half of the appeal costs.
AFFIRMED.
GAIDRY, J. concurs with reasons.
GUIDRY, J. concur.
GAIDRY, J., concurring.
I respectfully concur in the result reached by the majority, as we are bound by the supreme court's holding in the recent case of Gingles v. Dardenne, 08-2995 (La.3/13/09), 4 So.2d 799. But I must express my disagreement with the rationale utilized by the supreme court. In Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544, the supreme court reviewed the form prescribed by the commissioner of insurance for selection of UM coverage alternatives, noting that the bulletin prescribing the form specifically stated that "the company name must be placed at the lower left-hand corner and the policy number at the lower right-hand corner of the Form." I fail to see the logical distinction in result between an insurer's failure to "fill in" or place a policy number in the designated location (Duncan) and an insurer's failure to place its company name in the designated location (Gingles). Both tasks are plainly required by the commissioner's bulletin and form, although the latter was not mentioned in Duncan.
NOTES
[1] Pursuant to La. Acts 2008, No. 415, effective January 1, 2009, the current provisions of Title 22 of the Louisiana Revised Statutes of 1950 were redesignated into a new format and number scheme without changing the substance of the provisions. Pursuant to this redesignation, La. R.S. 22:680 was renumbered and the UM coverage statute is now codified in La. R.S. 22:1295(1)(a).
[2] La. R.S. 22:1295(1)(a), provides, in pertinent part:

(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Section unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom; however, the coverage required under this Section is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item (1)(a)(ii) of this Section. . . .
(ii) Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. . . .
[3] Ms. Dixon's initials are placed on the form adjacent to the following language:

I do not want UMBI Coverage. I understand that I will not be compensated through UMBI coverage for losses arising from an accident caused by an uninsured/underinsured motorist.
[4] Louisiana Revised Statute 22:1406 D was redesignated as La. R.S. 22:680 by Acts 2003, No. 456, § 3. La. R.S. 22:680 has since been renumbered and is now set forth in La. R.S. 22:1295, See fn. 1, supra.
[5] We note, however, that since Duncan was decided, the supreme court has recognized that the omission of the policy number does not invalidate a UM waiver form if the policy number does not exist at the time the form is completed. Carter v. State Farm Mut. Auto. Ins. Co., 07-1294 (La. 10/5/07), 964 So.2d 375. In Gray, the court stated that in a case where the policy number is not available, only five "tasks" would be necessary for a valid UM selection form. Gray, 07-1670 at p. 11 n. 2, 977 So.2d at 847 n. 2.
[6] We note that the Gingles decision references 22:608(1)(a)(ii), without referencing its redesignation as La. R.S. 22:1295(1)(a)(ii), pursuant to La. Acts 2008, No. 415, effective January 1, 2009.