974 So.2d 688 (2007)
Lorena BAIDE
v.
Lenta ALLEN, State Farm Mutual Automobile Insurance Company, Brandi Ferrara and American International South Insurance Co.
No. 07-CA-652.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 2007.
*690 Ivan A. Orihuela, Attorney at Law, Kenner, Louisiana, for Plaintiff/Appellant,
Paul D. Oberle, Byron A. Richie, Attorneys at Law, Shreveport, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
In this automobile accident case filed by the Plaintiff, Lorena Baide, the trial judge granted a motion for summary judgment filed by the Defendant, Imperial Fire & Casualty Company (Imperial) dismissing the Plaintiff's claim for uninsured/underinsured (UM) coverage. We affirm.
The Plaintiff was operating a car owned by Oscar Ayala and insured by Imperial on March 1, 2004. She was driving westbound on I-10 in Metairie, Louisiana. Lento, Allen was driving her vehicle eastward when she lost control, crossed the median into the Plaintiffs lane of travel, and crashed into the Plaintiff's car. The Plaintiff was allegedly struck again by a car driven by Brandi Ferrara after the Plaintiff came to a stop facing oncoming traffic.
The Plaintiff filed suit for her injuries against the drivers and their insurers. She later amended her suit to claim UM coverage from Imperial.[1] Imperial filed a motion for summary judgment denying coverage on the basis that Ayala signed a valid rejection form. After a hearing, the trial judge granted the motion finding UM coverage was validly rejected by the insured.
On appeal, the Plaintiff asserts that the. trial judge erred in finding the rejection of UM coverage valid because it did not reference the policy number, and/or because there is a material fact in dispute as to whether the insured was sufficiently proficient in the English language to understand the relevant UM selection form.
The standard for review of a ruling on a summary judgment is de novo. Suire v. Lafayette City-Parish Consol. Government, 04-1459, p. 11 (La.4/12/05), 907 So.2d 37, 48. Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B); Id. A genuine issue exists where reasonable persons, after considering the evidence, could disagree. Suire, 04-1459 at 11, 907 So.2d at 48. In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Id. A fact is "material" if it is one that would matter at trial on the merits. Suire, 04-1459 at 11, 907 So.2d at 48. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of trial on the merits. Id.
The movant bears the burden of proof. C.C.P. art. 966(C)(2). An adverse party to a supported Motion for Summary Judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific *691 facts showing that there is a genuine issue of material fact for trial. La.C.C.P. art. 967. Once the Motion for Summary Judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Babin v. Winn-Dixie Louisiana, Inc., 00-0078, p. 3-4 (La.6/30/00), 764 So.2d 37, 39; 3627 Airline Drive, L.L.C. v. Parish of Jefferson (La.App. 5 Cir. 10/30/07), 971 So.2d. 407, 409.
The Plaintiff cites Duncan v. USAA Ins. Co., 06-0363 (La.11/29/06), 950 So.2d 544 in support of her claim that a waiver must contain the policy number to be valid. However, the Louisiana Supreme Court recently reversed an appellate court ruling based on Duncan relative to the absence of a policy number, stating,
The judgment of the trial court is reversed and Imperial's motion for summary judgment is granted for the reasons assigned by the dissenting judge in the court of appeal. We also note this case is factually distinguishable from Duncan v. USAA Ins. Co., 06-0363 (La.11/29/06), 950 So.2d 544, because the Commissioner of Insurance's regulations specifically allow omission of the policy number if it does exist at the time UM waiver form is completed.
Carter v. State Farm Mut. Auto. Ins. Co., 07-1294 (La.10/5/07), 964 So.2d 375.
In support of the motion for summary judgment, Imperial submitted an affidavit by Rita Daniels, President of DLD Enterprises d/b/a J.P. Auto Title and Insurance. Daniels states that Ayala obtained the policy from her and signed the rejection. She further states the policy number was not available when the UM form was completed because the number is always contained on the policy, and the policy was sent after the application process.
There was no countervailing evidence that the policy number here was available when the UM form was signed. Thus, under Carter, the lack of a policy number on the rejection form under these facts does not invalidate the rejection of UM coverage.
The Plaintiff asserts that there is a material issue of disputed fact precluding the summary judgment. She contends that in his affidavit, Ayala states he does not speak, read or write English fluently, all the documents were in English, he did not fully read and understand the contents, and he did not understand the waiver. He further states that the waiver was not explained to him in English or Spanish in detail, and that he does not fully understand the concept of UM coverage.
In Daniels' affidavit, she states that the employee that assisted Ayala in completing his application is a native of Nicaragua, and is fluent in English and Spanish. According to Daniels, the company has a large Hispanic clientele. Thus, she has one or more employees on duty at all times who are bilingual in English and Spanish.
Daniels had no personal knowledge of what actually transpired during Ayala's application interview. However, Imperial also produced an audio tape of a telephone conversation between Ayala and Pauline Gomez, a claims adjuster for Liberty Adjustment Corporation, a third party administer of Imperial. In the tape, Ayala speaks English with a mild accent, but understands the questions, answering appropriately. Although he occasionally asked Gomez to repeat a question, that is easily attributed to the manner in which the question was asked by the interviewer.
Based on the evidence, we find that there are no material issues in dispute that would preclude a summary judgment.
*692 Accordingly, the summary judgment is hereby affirmed. Each party to bear their own costs of appeal.
AFFIRMED.
NOTES
[1] The Plaintiff subsequently settled the case against Allen and her insurer.