PER CURIAM.
 

 | /Writ granted. This instant matter arises from a motor vehicle accident .involving a vehicle owned and operated by defendant, Wendy Kennard, and a vehicle owned and operated by plaintiff, Gwen Lynch. Gwen Lynch filed suit against Progressive Paloverde Insurance Company (“Progi'essive”), seeking uninsured/under-insured motorist (“UM”) coverage based on a policy issued by Progressive to her ex-husband, Royden Lynch.
 
 [1]
 
 Progressive filed a motion for summary judgment, asserting that Royden Lynch had rejected UM coverage. Ms. Lynch filed a cross-motion, arguing that the UM rejection form signed by Royden Lynch was invalid because: (1) Mr. Lynch’s secretary, and not Mr. Lynch himself, had filled in the blank for the date,
 
 [2]
 
 and (2) in the lower left-hand corner of the UM rejection form the name of the insurance company was represented as “Progressive Security Insurance Company” rather than the actual
 
 *945
 
 name “Progressive Paloverde Insurance Company.”
 

 lain this case, it is uncontested that the UM rejection form was “signed by the named insured.” La. R.S. 22:680(l)(a)(ii)
 
 [3]
 
 . Furthermore, when the UM rejection form was returned to Progressive, the form, on its face, was “properly completed.”
 
 [4]
 
 La. R.S. 22:680(l)(a)(ii). On the UM rejection form at issue, Royden Lynch’s initials are placed in the blank next to the option for rejecting UM coverage; Royden Lynch’s name is typed in the blank for the printed name of the insured; Royden Lynch’s signature is in the blank for the signature of the named insured; the correct policy number is typed into the appropriate blank, and; the blank for the date is filled in.
 
 See Duncan v. U.S.A.A. Ins. Co.,
 
 06-363, p. 11-12 (La.2/16/07), 950 So.2d 544, 551. The legislature has made it abundantly clear that “[a] properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage ...” La. R.S. 22:680(l)(a)(ii). Respondent, Gwen Lynch, has presented no evidence to rebut the presumption that Royden Lynch knowingly rejected UM coverage. Thus, under the facts of this case, we find that Progressive has established that it is entitled to judgment as a matter of law. The lower courts erred in finding otherwise.
 

 ^DECREE
 

 For the reasons stated herein, the writ is granted. The judgment of the district court is reversed, and summary judgment is rendered in favor of Progressive, dismissing it from the suit with prejudice. This case is remanded to the district court for further proceedings.
 

 REVERSED AND REMANDED.
 

 JOHNSON, J., would deny.
 

 [1]
 

 . Gwen Lynch and Royden Lynch were married on December 27, 2004, when Mr. Lynch executed the UM rejection form; however, they were divorced at the time of the accident which is the basis for this lawsuit.
 

 [2]
 

 . In a deposition, Mr. Lynch’s secretary testified that, after Mr. Lynch signed the UM rejection form, she inserted the date on the UM rejection form as Mr. Lynch was walking out of the office.
 

 [3]
 

 . This revised statute was redesignated as 22:1295 by Act 415 of the 2008 Louisiana Legislative Session; effective January 1, 2009. This act made no substantive changes to the language of the provision. Furthermore, during the temporal period at issue in these proceedings, no substantive changes were made to the pertinent language in the provision at issue.
 

 [4]
 

 . As we noted in
 
 Gingles v. Dardenne,
 
 08-2995 (La.4/17/09), 4 So.3d 799, a UM rejection form which, on its face, complies with the six tasks enumerated in
 
 Duncan, supra,
 
 yet fails to comply with Louisiana Bulletin LIRC 98-01(requiring that the insurance company name must be placed at the lower left-hand corner of a UM rejection form), may still be found to constitute a "properly completed” form, La. R.S. 22:680(1)(a)(ii), sufficient to establish the statutory rebuttable presumption that the insured has knowingly rejected UM coverage. Thus, in the present matter, the fact that the insurance company is identified in the bottom left-hand comer of the pertinent UM rejection form as "Progressive Security Insurance Company” rather than "Progressive Paloverde Insurance Company” does not prevent the establishment of the statutory presumption of a knowing and valid rejection of UM coverage. La. R.S. 22:680(l)(a)(ii). Furthermore, respondent has presented this Court with no evidence to rebut this presumption. There is no evidence that this error prevented Royden Lynch from knowingly rejecting UM coverage.