JEROME M. WINSBERG, Pro Tempore Judge.
 

 | ¡.The Plaintiffs, Mayra Flores and Maria Flores, appeal a summary judgment filed by the Defendant, State Farm Fire and Casualty Insurance Company (State
 
 *1197
 
 Farm), in suit for uninsured/underinsured (UM)coverage. We affirm.
 

 The Plaintiffs sued State Farm for UM coverage following an automobile accident that occurred in October of 2003 in which they were struck by an unknown driver who immediately fled the scene. The Plaintiffs alleged that they suffered personal injuries in the accident, and also claimed property damage to the vehicle. Although the title was in the name of Plaintiff, Mayra Flores, Anielka Rodriguez is the named insured in the policy. Co-Plaintiff, Maria Flores was a guest passenger. At the time of the accident, Mayra Flores was driving the vehicle.
 

 State Farm filed a motion for summary judgment asserting that the Plaintiffs waived UM coverage as evidenced by the waiver form. The Plaintiffs opposed the motion claiming that the waiver was invalid because the forms did not reference a policy number at the time the forms were signed, and because the name of the issuing insurance company was not checked in the appropriate box on the forms.
 

 lc.The hearing was held on two days in February and March of 2008. Included in the evidence was the affidavit of Jennifer Weith who stated that State Farm procedure is to add the policy numbers shortly after the execution of a UM form because the policy numbers do not exist at the time of execution. The Plaintiffs responded that the UM waiver was still ineffective because State Farm failed to indicate which of its subsidiary insurance companies issued the policy of insurance. They also argued that the policies were in effect at the time the UM waiver forms were executed.
 

 At the conclusion of the hearing, the trial judge granted the motion for summary judgment, noting that the decision was based on “Ms. Weith’s affidavit and the documents submitted on both sides.” A judgment to that effect was signed on April 14, 2008.
 
 [1]
 

 On appeal, the Plaintiffs assert that the forms are invalid under Louisiana law because they failed to reference an insurance company name or a contract, or policy number.
 

 The Plaintiffs argue that this waiver does not meet the strict requirements of Louisiana law. They contend that public policy, legislative intent and strict statutory interpretation of exceptions to coverage requires clear and unmistakable intent.
 

 A motion for summary judgment is a procedural device used when there is no genuine issue of material fact.
 
 Duncan v. U.S.A.A. Ins. Co.,
 
 06-363 (La.11/29/06), 950 So.2d 544, 546. The summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2);
 
 Duncan
 
 950 So.2d at 546-547. Appellate courts review summary judgments
 
 de novo
 
 under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.
 
 Duncan,
 
 950 So.2d at 547.
 

 A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.
 

 The Louisiana UM statute, La. R.S. art. 22:680(l)(a)(i), allows a policyholder to waive UM coverage when “any insured
 
 *1198
 
 named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item (l)(a)(ii) of this Section.”
 

 Section (1) (a)(ii) states that
 

 Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. [Emphasis added.]
 

 In accordance with the statute, the commissioner of insurance developed a form by which UM coverage may be declared or waived.
 
 [2]
 

 In
 
 Duncan v. U.S.A.A. Ins. Co.,
 
 06-363 (La.11/29/06), 950 So.2d 544, the Louisiana Supreme Court delineated six tasks under the commissioner’s form that must be completed before a UM waiver can become effective:
 

 (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each | .¡person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date.
 

 Duncan,
 
 950 So.2d at 551.
 

 The
 
 Duncan
 
 court further explained the requirements:
 

 The insured initials the selection or rejection chosen to indicate that the decision was made by the insured. If lower limits are selected, then the lower limits are entered on the form to denote the exact limits. The insured or the legal representative signs the form evidencing the intent to waive UM coverage and includes his or her printed name to identify the signature. Moreover, the insured dates the form to determine the effective date of the UM waiver. Likewise, the form includes the policy number to demonstrate which policy it refers to. Thus, the policy number is relevant to the determination of whether the insured waived UM coverage for the particular policy at issue.
 

 Id.
 
 at 552.
 

 The Louisiana Supreme Court further explained the
 
 Duncan
 
 requirements in
 
 Gray v. American Nat. Property & Cas. Co.,
 
 07-1670 (La.2/26/08), 977 So.2d 839, 849 where the Court held:
 

 [Compliance with the form prescribed by the Insurance Commissioner involves more than the rote completion of the “six tasks” identified in Duncan by someone at sometime. Instead, we find that, in order for the form to be valid, the six tasks must be completed before the UM selection form is signed by the insured, such that the signature of the insured or the insured’s represen
 
 *1199
 
 tative signifies an acceptance of and agreement with all of the information contained on the form. An insurer who is unable to prove that the UM selection form was completed before it was signed by the insured simply cannot meet its burden of proving by clear and unmistakable evidence that the UM selection form is valid.
 

 [Emphasis added.]
 

 In this case, the UM waiver portion of the insurance policy shows that Anielka Rodriguez initialed the line entitled “I do not want UMBI coverage.” Anielka Rodriguez also wrote her name on the line entitled “Named Insured or Legal Representative (Please Print)” and signed her name on the line entitled “Signature of a Named Insured or Legal Representative.” The UM waiver form is dated February 7, 2003. In her affidavit, Anielka Rodriguez stated that the space | i;for the policy number was left blank at the time she signed. The Defendant does not dispute these facts.
 

 In addition, there are two boxes at the bottom of the form, each referring to different State Farm companies, one for State Farm Mutual Automobile Insurance Company, and the other for State Farm Fire and Casualty Company. Neither box was checked to designate which company was issuing the insurance coverage.
 

 The Plaintiffs allege that the commissioner’s requirements and
 
 Duncan v. U.S.A.A. Ins. Co.,
 
 06-363 (La.11/29/06), 950 So.2d 544 mandate that the waiver designate a policy number when the waiver is signed. Otherwise it is not valid.
 

 In
 
 Carter v. State Farm Mut. Auto. Ins. Co.,
 
 07-1294 (La.10/5/07), 964 So.2d 375, 376, the Louisiana Supreme Court held that the Commissioner of Insurance’s regulations specifically allow omission of the policy number if it does not exist at the time UM waiver form is completed.
 

 In addition, this Court has addressed the issue in
 
 Baide v. Allen,
 
 07-0652 (La.App. 5 Cir. 12/11/07), 974 So.2d 688 in a case involving an identical waiver form. There, the form did not have a policy number when the waiver was signed and the insurance application was executed, and a policy number was unavailable at that time. While considering the
 
 Duncan
 
 case, we concluded that under
 
 Carter,
 
 the waiver was valid even though no policy number appeared on the UM rejection since it did not exist at the time the waiver was signed.
 

 Based on the foregoing, we find that the Defendant’s failure to denote a policy number on the UM waiver form is not fatal to its validity. Ms. Weith’s affidavit clearly indicates that the policy numbers did not exist when Anielka Rodriguez executed the UM waiver form, and both the Louisiana Supreme Court and this Court have held that when the policy numbers do not exist at the time a UM waiver form is executed, an insurer may add the policy number at a later date [./without invalidating the form. Thus, we find that the trial judge did not err in rejecting this argument.
 

 The Plaintiffs also contend that the waiver is invalid because the form did not designate which of the two State Farm companies was to be the insurer.
 

 In regard to this issue, the Commissioner’s regulation states:
 

 For identification, the company name must be placed at the lower left-hand corner of the UM Form. If a company currently uses a group name on forms, then the group name may be used instead of the individual company name.
 

 The Louisiana Supreme Court has not yet addressed the precise issue of the enforceability of a UM waiver form when the insurer fails to “check” one of two or more
 
 *1200
 
 boxes listing different insurers of the same company at the bottom left corner of the form. But, it has held that a failure to include the insurer’s name at the bottom left corner of the UM waiver form is not fatal to enforcement of the form.
 
 Gingles v. Dardenne,
 
 08-2995 (La.3/13/09), 4 So.2d 799.
 

 In
 
 Gingles,
 
 the Court held that the total absence of the insurer’s name in the bottom left corner of the form, as required by the Commissioner’s regulations, did not invalidate the waiver of UM insurance. The Louisiana Supreme Court stated:
 

 It is undisputed that the pertinent designated spaces on the form were filled out. Additionally, the form at issue in these proceedings satisfies all of the requirements of our opinion in
 
 Duncan.
 
 Under these circumstances, we find [the insurer] has established it is entitled to judgment as a matter of law. The court of appeal erred in holding otherwise. Accordingly, the writ is granted. The judgment of the court of appeal is reversed, and summary judgment is rendered in favor of [the insurer].
 

 Gingles,
 
 at 800.
 

 In the instant case, the particular insurer was not checked off in the box at the bottom of the page, although it was clear that one of the two State Farm companies was to insure the policyholder. Furthermore, the form complied with the six
 
 Duncan
 
 requirements.
 

 | ^Although we are bound to follow
 
 Gin-gles,
 
 we disagree with that result. In
 
 Carter,
 
 the decision was based on the Commissioner’s rules, whereas in
 
 Gingles,
 
 the Court ignored the Commissioner’s regulations. The Commissioner’s rules either apply, as found in
 
 Carter,
 
 or they should not apply at all.
 

 In accordance with
 
 Gingles,
 
 therefore, we find that this waiver was not invalidated by the failure to mark in the appropriate box which State Farm subsidiary insured Anielka Rodriguez. Thus, the trial judge did not err in failing to invalidate the waiver on this basis.
 

 Accordingly, the summary judgment is hereby affirmed.
 

 AFFIRMED.
 

 [1]
 

 . At the February 15 hearing, the Plaintiffs voluntarily withdrew their property damage claim, and the Motion for Summary Judgment was granted with respect to that claim.
 

 [2]
 

 . Bulletin 01-05 Amended — Uninsured/Un-derinsured Motorists Coverage (LSA-R.S.22:680) September 26, 2006.