JUDE G. GRAVOIS, Judge.
|2The defendant, American Home Assurance Company, has appealed the summary judgment granted in favor of plaintiffs, Robert and Ilse Phillips. For the reasons that follow, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY

Plaintiff Robert Phillips, a resident of Arizona, was on a business trip in Louisi *1265 ana for his employer General Dynamics Corporation (“General Dynamics”) when the rental car he was driving was rear-ended by a car being driven by another driver. As a result of this accident, Mr. Phillips and his wife filed suit against the insurer of General Dynamics, American Home Assurance Company (“American Home”) seeking to recover uninsured motorist (“UM”) benefits. American Home answered the suit denying that it provided UM benefits to General Dynamics.
^Plaintiffs filed a Motion for Summary Judgment requesting that the trial court find the UM rejection form signed by General Dynamics invalid because the rejection form did not contain the policy number of the General Dynamics policy. American Home filed a cross-motion for summary judgment seeking to have the rejection form declared valid and finding that the American Home policy did not provide UM coverage. After a hearing on the motions, the trial court found the UM rejection form invalid, thereby granting plaintiffs’ motion for summary judgment and denying American Home’s motion for summary judgment. This timely appeal of that judgment by American Home followed.

LAW AND DISCUSSION

In determining whether summary judgment is appropriate, the appellate court reviews evidence de novo; under such standard, the appellate court looks at pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, in making an independent determination that there is no genuine issue of material fact and that movant is entitled to judgment as a matter of law. Marigny v. Allstate Ins. Co., 95-0952 (La.App. 4 Cir. 1/31/96), 667 So.2d 1229, writ denied, 96-0693 (La.4/26/96), 672 So.2d 910. Because this case involves cross-motions for summary judgment, our task is to determine whether either party has established that there are no genuine issues of material fact and whether either party is entitled to judgment as a matter of law. Duncan v. U.S.A.A. Ins. Co., 06-0363 (La.11/29/06), 950 So.2d 544, 547. In conducting this de novo review, we are guided by the burdens of proof imposed upon a movant in a motion for summary judgment, which are set forth in C.C. P. art. 966(C)(2):
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s | ¿burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
In their motion for summary judgment, plaintiffs contend that the UM rejection form signed by General Dynamics’ assistant treasurer John Wethern is not valid because the policy number is not contained on the form. Plaintiffs note that the line designated for the policy number reads: “All policies for the same first Named Insured”. Plaintiffs argue that these words clearly imply that General Dynamics had more than one policy of insurance with American Home, thus the waiver is invalid since it cannot be known which policy the waiver refers to.
In its cross-motion, American Home argues that the rejection form is valid because at the time the form was signed, the *1266 policy number was not yet known. In support of this position, American Home attached an affidavit from Mr. Wethern stating he had authority to reject UM coverage, that General Dynamics did not desire UM coverage, and that “[t]he insurance policy number for the policy associated with the Rejection Form, the July 1, 2003 through June 30, 2004 policy, was not available to me at the time I signed the form.”
LSA-R.S. 22:1295 governs the issuance of uninsured motorist coverage in Louisiana. LSA-R.S. 22:1295(l)(a)(ii) provides, in pertinent part, as follows:
Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption |5that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates.
In Duncan, supra, the Louisiana Supreme Court addressed whether the UM coverage form, prescribed for selection of UM coverage by the commissioner of insurance, must contain the insurance policy number in order for a waiver to be effective. Therein, the UM coverage form, which was executed by the insured, contained a blank line for the policy number; no policy number appeared on this line. Duncan, 950 So.2d at 546. The Court found that the UM statute requires that the blank for the policy number contained on the insurance commissioner’s form be filled in to effectuate a valid waiver of UM coverage, concluding that “the failure to fill in the policy number on the form prescribed by the commissioner of insurance invalidates the UM waiver, and consequently, the UM coverage is equal to the liability limits of the policy.” Duncan, 950 So.2d at 554.
Since Duncan, the Supreme Court has concluded, however, that filling in the policy number is not essential to a valid UM coverage waiver when the policy number “does not exist at the time the UM waiver form is completed.” Carter v. State Farm Mut. Auto. Ins. Co., 07-1294 (La.10/5/07), 964 So.2d 375, 376. Insurance Commissioner Bulletin LIRC 98-03 specifically provides, “[I]n the case where a policy number is not available, the space for the policy number may be left blank or a binder number may be inserted.” Further, in Gray v. American Nat. Property & Cas. Co., 07-1670 (La.2/26/08), 977 So.2d 839, 847, n. 2, the Court stated:
Following Duncan, this court acknowledged in Carter v. State Farm Mutual Automobile Ins. Co., 07-1294 (La.10/5/97 [07]), 964 So.2d 375, that “the Commissioner of Insurance’s regulations specifically allow omission of the policy number if it does not exist at the time [the] UM waiver form is complet *1267 ed.” ... The record in this case indicates that the policy number was available when the UM selection form(s) were signed. Therefore, we will continue to refer to the “six tasks” necessary for a valid UM selection form in this case. We note however that a case where the policy number is not available, only five “tasks” would be necessary for a valid UM selection form.
In support of its contention that the policy number was not available at the time the rejection form was signed, American Home submitted the affidavit of Mr. Wethern, the person authorized to sign the form on behalf of General Dynamics. Plaintiffs contend that this argument is without merit since General Dynamics renewed this policy every year. Thus, plaintiffs conclude that a policy number was available to American Home at the time the waiver was signed.
This Court has followed Carter in several cases and found a UM rejection form valid when the policy number did not exist at the time of the execution of the rejection form. Flores v. Doe, 08-1259 (La.App. 5 Cir. 6/23/09), 19 So.3d 1196; Ferguson v. Bocskov, 07-924 (La.App. 5 Cir. 3/25/08), 983 So.2d 162; Baide v. Allen, 07-652 (La.App. 5 Cir. 12/11/07), 974 So.2d 688.[1] However, in each of those cases, the UM rejection form was signed at the time the application for insurance was made. Further, in support of its position that the rejection form was valid, the insurer submitted an affidavit from its representative or employee which explained that the policy number does not exist at the time the rejection form was filed because it was filled out with the application for insurance.
The record in the instant case reflects that General Dynamic’s policy with American Home commenced on July 1, 2001 and was renewed on a yearly basis, although a different policy number was assigned to the policy by American Home |7for each renewal period.[2] Accordingly, when the UM waiver form was signed by Mr. Weth-ern on June 30, 2003, he at least had available to him the policy number for the policy period from July 1, 2002 through June 30, 2003.
As stated above, the insurer bears the burden of proving a valid rejection of UM coverage. The plaintiff does not bear the burden of proving that the UM rejection form is invalid. For this reason, in the case at bar, plaintiffs were not required to negate all essential elements of American Home’s defense; rather they were just required to point out that there is an absence of support for one or more elements essential to American Home’s defense. See La. C.C.P. art. 966(C)(2). We find that the UM rejection form attached to the plaintiffs’ motion for summary judgment was sufficient to point out the absence of proof for an essential element of American Home’s defense, i.e., that the policy number was not included on the form. Once the plaintiffs pointed out the absence of proof of an essential element of American Home’s defense, the burden then shifted to American Home to produce factual support sufficient to establish that it would be able to carry its evidentiary burden of proof at trial. See La. C.C.P. art. 966(C)(2). Rather than oppose the motion, American Home filed a cross-motion for summary judgment. In an attempt to prove that the policy number was *1268 not available at the time the rejection form was signed, American Home attached the affidavit of the person authorized to reject UM coverage for General Dynamics attesting that a policy number was not available.[3] However, the record is void of any evidence from the insurer, American Home, to establish that at the time the waiver was signed, American Home did not have a policy number available. Further, as indicated |8above, Mr. Wethern obviously had available to him the policy number for the policy period from July 1, 2002 through June 30, 2003 when he signed the UM waiver form on June 30, 2003. Thus, we find that American Home did not present sufficient evidence to show that a policy number was not available to it at the time the waiver was signed by Mr. Wethern.[4]

CONCLUSION

Because American Home failed to carry its burden of producing factual support sufficient to establish that it would be able to satisfy its evidentiary burden of proof at trial, the trial court properly granted the summary judgment filed by plaintiffs and properly denied the cross-motion for summary judgment filed by American Home. Accordingly, the judgment of the trial court is affirmed.

AFFIRMED

EDWARDS, J., concurs with reasons.

. Carter has been followed by other circuits as well. See, for example, Johnson v. Citizen, 07-1209 (La.App. 3 Cir. 3/5/08) 978 So.2d 1087.

. American Home does not dispute that the original policy that commenced on July 1, 2001 was renewed every year.

. The affidavit further attests that at no time did General Dynamics "ever desire to obtain underinsured/uninsured motorist’s coverage in the State of Louisiana.” However, it is well settled that "the intent of the parties does not control in this area of the law.” Gray, supra, 977 So.2d at 849.

. This holding pretermits a discussion of plaintiffs' argument relative to the language used by American Home on the line designated for policy number.