STEPHEN J. WINDHORST, Judge.
12This suit arises out of an automobile accident that occurred on June 13, 2010 involving plaintiff, Oscar Garza, and defendant, Manuel Argueta. Mr. Garza filed suit against Mr. Argueta and against his automobile liability insurer, Imperial Fire and Casualty Insurance Company (“Imperial”), and he is seeking uninsured/under-insured motorist coverage (“UM” coverage) for injury and damages sustained in the accident.[1] Imperial filed a motion for summary judgment, alleging no coverage under Mr. Garza’s policy because UM coverage had been validly rejected on October 21, 2009 when the policy was purchased, and again on April 22, 2010 when the policy was renewed. The trial court granted summary judgment in favor of Imperial, dismissing it from the suit. Mr. Garza filed this appeal, alleging error in the trial court’s ruling. For the reasons that follow, we affirm the decision of the trial court.
A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the | Saffidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). An appellate court asks the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730, 750.
Appellate courts review a judgment granting or denying a motion for summary judgment de novo. Bernard v. Ellis, 11-2377 p. 5 (La.7/2/12), 111 So.3d 995, 2012 WL 2512772.
In this case, the issue is whether the plaintiff effected a valid waiver of UM coverage. Under the UM coverage statute, La. R.S. 22:1295, the requirement of UM coverage is an implied amendment to any automobile liability policy, even when not expressly addressed, as UM coverage will be read into the policy unless validly rejected. Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544, 547.
UM coverage embodies a strong public policy. The object of UM coverage is to provide full recovery for automobile accident victims who suffer damages caused by a tortfeasor, who is not covered by adequate liability insurance. Id. UM rejection “shall be made only on a form prescribed by the commissioner of insurance.” La. R.S. 22:1295(l)(a)(ii). This statute provides, in part, that “[a] properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, se- *386 . lected a lower limit, or selected economic-only coverage.”
Dixon v. Direct General Ins. Co. of Louisiana, 08-0907 (La.App. 1 Cir. 3/27/09), 12 So.3d 357, 360-361, citing Duncan, supra.
In this appeal, Mr. Garza does not contend that the UM waiver form is defective. He attempts to rebut the presumption that he knowingly rejected | coverage by arguing that he was limited in his English and therefore did not understand what he was signing when he signed the form. In support of his argument, he cites Duong v. Salas, 38,613 (La.App. 2 Cir. 6/23/04), 877 So.2d 269.
Imperial argues that the undisputed facts of the Duong case are distinguishable from the presént case. It contends that the facts of this case are similar to those in Pena v. Simeon, 11-1083 (La.App. 5 Cir. 5/22/12), 96 So.2d 547 and Rizzo v. Ward, 09-1325 (La.App. 4 Cir. 2/24/10), 32 So.3d 986.
In Duong, supra, the plaintiffs waiver of UM coverage was found to be invalid where plaintiff spoke no English and he signed 'the waiver of rights form within a short time after moving to the United States from Vietnam.
In Rizzo, supra, the plaintiff alleged that his waiver of UM coverage was invalid because the document was written in English and he did not speak, read, or write English fluently. The court noted that Rizzo was able to converse with the insurance agent in Spanish and that he made no allegations of duress or misconduct on the part of the agent.
In Pena, supra, plaintiff also contended that she had not executed a valid waiver of UM coverage, arguing that Spanish was her native language and that she did not understand the waiver form because it was written in English. Plaintiff further asserted that the agent did not speak to her in Spanish. This court found that plaintiff did not rebut the presumption that she knowingly rejected UM coverage. This court distinguished Duong, supra, stating that Duong spoke no English at all, while plaintiff stated that she did not read or speak English well. The, court also stated that plaintiff did not allege fraud, duress or misconduct on the part of the insurance agent, and she did not tell the agent that she needed any of the forms to be explained to her in Spanish before she would sign them.
|fiIn the case before us, Imperial presented the policy of insurance signed and dated by Mr. Garza on October 10, 2009, in which he stated that he had read the application, and which contains the waiver of UM coverage dated and signed on October 10, 2009, and a second waiver of UM coverage dated and signed April 22, 2010. Mr. Garza executed an affidavit in which'.he averred that his first language was Spanish and that he could not fully read and understand the documents presented to him. Mr. Garza did not allege fraud, duress or misconduct on the part of the insurance agent, and he did not allege that he told the agent he would need the forms explained to him in Spanish before he signed them.
An insured is presumed to know the provisions of his coverage. Davis v. Fortis Benefits Ins. Co., 08-1080 (La.App. 3 Cir. 3/4/09), 6 So.3d 929. In the absence of fraud, duress or misconduct of the insurance agent, an insured is presumed to know and understand what he is signing. Hams v. Safeway Ins. Co., 31,050 (La. App. 2 Cir. 9/23/98), 718 So.2d 619; Rizzo v. Ward, supra.
We find that the plaintiff did not present sufficient evidence to create a genuine issue of material to rebut the presumption that he validly waived UM coverage, and *387 therefore, the trial court did not err in granting Imperial’s motion for summary judgment.
Accordingly, the trial court’s decision granting summary judgment in favor of Imperial Fire and Casualty Insurance Company and dismissing plaintiffs claims against it is affirmed. All costs are assessed against plaintiff/appellant.
AFFIRMED

. Defendant, Mr. Argueta, is not involved in this appeal.