ROBERT A. CHAISSON, Judge.
12Felix Cortez-Valeneia, Edward Santos, and Pedro Mendoza appeal a judgment of the trial court granting the motion for summary judgment filed by Access Insurance Company (“Access”) in this dispute over uninsured motorist (“UM”) insurance coverage. For the reasons that follow, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY

Felix Cortez-Valeneia was involved in an automobile accident with Jeffrey Crews. At the time of this accident, Edward Santos and Pedro Mendoza were guest passengers in Mr. Cortez-Valencia’s automobile. Mr. Cortez-Valeneia, Mr. Santos, and Mr. Mendoza filed suit against Mr. Crews and his insurance company, and also named as an additional defendant Access, Mr. Cortez-Valencia’s insurer, alleging that Mr. Crews was at fault, that he was either uninsured or underinsured, and that Access provided UM coverage under the policy. Access denied such | .«¡coverage and moved for summary judgment. At *206 the hearing- on its motion, Access submitted a copy of the insurance policy and a waiver of UM coverage form executed by Ana Juarez Cortez, Mr. Cortez-Valencia’s wife and the owner of the vehicle. This waiver was executed on the form authorized by the Louisiana Insurance Commissioner, and the required initials, signature, printed name, policy number, insurer’s name, and date appear on the form. On the basis of this evidence, summary judgment was rendered in favor of Access. This appeal followed.

DISCUSSION

Appellants contend that the trial court erred in granting summary judgment because Access failed to show that the UM selection form was properly completed. Specifically, appellants contend that the waiver is invalid because the date on the form, rather than being hand-written by the insured herself, was generated electronically by Access’s computer. They further contend that since the date is not hand-written by the insured herself, Access has the burden to.show that the insured consented to the date being filled in by electronic means, or that the electronic date is otherwise attributable to the insured.
Louisiana Code of Civil Procedure article 966(B)(2) provides that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. The initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The non-moving party must then produce factual support to establish that |4he will be able to satisfy his evidentiary burden of proof at trial. If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. LSA-C.C.P. art. 966(C)(2); Babino v. Jefferson Transit, 12-468 (La.App. 5 Cir. 2/21/13), 110 So.3d 1123,1125.
In the present case, the initial burden was on Access to show that there was no UM coverage on the Cortez-Valencia vehicle at the time of the accident by virtue of a validly executed UM selection form rejecting UM coverage. In support of its motion for summary judgment, Access produced such a form, which, on its face, appears to be validly executed by the insured. Appellants’ sole issue with the form is that the date is electronically generated, rather than hand-written by the insured herself.
In Duncan v. U.S.A.A. Ins. Co., 06-36(La.11/29/06), 950 So.2d 544, the court discussed at length what needs to be done to properly fill out the Insurance Commissioner’s prescribed form. It noted that there are six tasks which must be completed, to wit: 1) initialing by the insured the rejection or selection of the coverage chosen; 2) if lower limits are chosen, the filling in of the amount chosen; 3) printing the name of the insured; 4) signing by the insured; 5) filling in the policy number; and 6) filling in the date.
The fact that the date on the form was generated in a manner other than handwritten by the insured herself is of no moment. In Lynch v. Kennard, 09-282 (La.5/15/09), 12 So.3d 944, the insured’s secretary, rather than the insured himself, typed in the date, after the insured had signed his name and was leaving the room. The court deemed this sufficient to satisfy the requirements of La. R.S. *207 22:680(l)(a)(ii).[1] In the case before us, we are unable to distinguish in any meaningful way the insured’s secretary typing in the date after the insured had | ^signed the form, from the insurer’s computer generating the date. Appellants argue that Access provided no proof that the electronically generated date was on the form at the time that the insured executed it, and therefore, unlike in Lynch, there is no evidence that the date was consented to or attributable to the insured. However, in both Duncan and Lynch, the court noted that a properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected UM coverage.
Access produced a UM selection form which, on its face, shows that all six of the Duncan tasks were properly completed, and that UM coverage was rejected. Therefore, there is a presumption that UM coverage was properly rejected on the Cortez-Valencia vehicle. The burden of proof therefore shifted to the appellants to present evidence that the UM selection form was in fact not properly completed. Appellants presented no evidence to show that the date was not on the form at the time that Ms. Cortez executed it. With no evidence to suggest that the date was not on the form at the time that Ms. Cortez executed it, we find that Ms. Cortez, by executing the form with the date already on it, consented to the date and the manner by which it was placed on the form. Under these circumstances, UM coverage was validly rejected and summary judgment was properly granted in favor of Access.

CONCLUSION

For the foregoing reasons, the summary judgment in favor of Access Insurance Company, dismissing plaintiffs’ claims against it with prejudice, is hereby affirmed.

AFFIRMED.

. This statute was renumbered La. R.S. 22:1295(l)(a)(ii) by Acts 2008, No. 415.