ROBERT A. CHAISSON, Judge.
lain this wrongful termination suit, appellant, David Detillier, appeals the trial *670 court’s ruling denying a motion to strike and granting a motion for summary judgment in. favor of defendants, Mayor Terry Borne and the Town of Gramercy. Upon review, for the reasons below, we affirm the decision of the trial court.
FACTS AND PROCEDURAL HISTORY
The instant dispute between Officer De-tillier and Mayor Borne arose from Officer Detillier’s concerns about the hiring of a new police officer .for the Town of Gramer-cy. On the afternoon of June 24, 2013, Mayor Borne spoke with Gramercy police officers, including Officer Detillier, about that evening’s Board of Aldermen meeting at which there would be a vote to hire a new police officer. In the course of that conversation, Officer Detillier expressed his intent to resign from his position as an officer with the Gramercy Police Department should the Board |4vote in favor of hiring a certain candidate for the new police officer position. Mayor Borne mentioned that he had a pre-written resignation letter which he could bring to the meeting for Officer Detillier’s signature. Officer Detillier acknowledged this suggestion. At the Board of Aldermen meeting later that evening, the Board voted in favor of hiring the candidate who was objectionable to Officer Detillier. At the conclusion of the meeting, when Officer Detillier approached Mayor Borne, who was seated next to the Chief of Police, the mayor offered Officer Detillier the resignation letter. Officer Detillier signed the letter and gave it back to the Chief of Police. Later that same evening, Officer Detillier wrote an email to the Chief of Police and Mayor Borne requesting to rescind his resignation. Mayor Borne, considering the matter closed, declined to rescind the resignation.
On August 7, 2013, Officer Detillier filed a petition for declaratory judgment, injunction and writ of mandamus for wrongful termination. This petition was subsequently amended in response to defendants’ dilatory and peremptory exceptions. On November 19, 2013, the trial court issued a judgment granting defendants’ peremptory exception of no cause of action with respect to Officer Detillier’s writ of mandamus claim. Defendants subsequently filed an answer with defenses on November 23, 2013, and filed a supplemental answer with exhibits on April 28, 2014. On September 22, 2014, defendants filed a motion for summary judgment with exhibits as well as a memorandum in support of the motion for summary judgment. In response, Officer Detillier filed a motion to strike defendants’ motion for summary judgment' as procedurally defective, along with a memorandum in support of that motion, an opposition to the motion for summary judgment, and a motion to strike scandalous material from defendants’ memorandum in support of the motion for summary judgment. On 1¡¾ January 5, 2015, the trial court rendered its judgment denying Officer Detillier’s motion to strike the “procedurally defective” motion and granting defendants’ motion for summary judgment.
LAW AND ANALYSIS
Officer Detillier raises three assignments of error for our consideration:
1) The trial court erred in failing to grant the motion to strike the “procedurally defective” motion for summary judgment.
.2) The trial court erred in granting the motion for summary judgment because there exist genuine issues of material fact regarding the circumstances of Officer Detillier’s termination.
3) The trial court erred in granting the motion for summary judgment because the law (including the Lawra- *671 son Act and the Town of Gramercy policy on resignation) precludes summary judgment in favor of defendants based on the facts of the case.
In his first assignment of error, Officer Detillier argues that the trial court erred in denying his motion to strike defendants’ motion for summary judgment because that motion as -written was “procedurally defective.” In particular, Officer Detillier argues that he failed to receive proper notice of what claims defendants were seeking to have dismissed in the motion for summary judgment because defendants chose to set forth their arguments in an attached memorandum of law rather than on the face of the motion itself.
The grant or denial of a motion to strike pursuant to Louisiana Code of Civil Procedure article 964 is reviewed under the abuse of discretion standard. Pitre v. Opelousas Gen. Hosp., 530 So.2d 1151 (La.1988). The granting of a motion to strike rests in the sound discretion of the trial court. Id. There is no indication that the trial court abused its discretion in denying the motion to strike in this case. ^Defendants’ 28-page memorandum of law in support of the motion for summary judgment is very clear that all of Officer Detillier’s claims against Mayor Borne and the Town of Gramercy should be dismissed. The memorandum offers claim-by-claim analysis citing ample law and jurisprudence as well as the evidence on record. We note additionally that the motion and accompanying memorandum in question fully comport with the requirements of form set forth in Louisiana District Court Rules 9.9 and 9.10. We find that the trial court did not abuse its discretion by denying Officer Detillier’s motion to strike.
Officer Detillier’s second and third assignments of error relate to the trial court’s granting of defendants’ motion for summary judgment. Appellate courts review summary judgments de novo using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Smitko v. Gulf S. Shrimp, Inc., 11-2566 (La.7/2/12), 94 So.3d 750, 755. A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by the litigant. The procedure is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966. A mover is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. Id.; Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544, 546-547. A fact is material if it potentially ensures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730, 751. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only |7one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Hines v. Garrett, 04-0806 (La.6/25/04), 876 So.2d 764, 765-66.
The key material fact that precludes Officer Detillier’s recovery on his alleged claims is his signing of the resignation letter. In his deposition testimony, Officer Detillier admitted to signing the resignation letter. He also testified as to his conversation with Mayor Borne earlier on the same day in which the resignation letter was discussed. He argues now that he did not know what he was signing, had no intent to resign, and that there was no *672 proper offer and acceptance of his resignation. This argument is untenable; the law is very clear as to the effect of signing a document. It is well settled jurisprudence that a party who signs a written instrument is presumed to know its contents. Peña v. Simeon, 11-1083 (La.App. 5 Cir. 5/22/12), 96 So.3d 547, 552; Tweedel v. Brasseaux, 433 So.2d 133 (La.1983); Bagneris v. Oddo, 2 Pelt. 278 (La.1919). Because Officer Detillier- signed the resignation letter, the legal presumption is that he had knowledge of its contents.
Officer Detillier additionally argues that defendants are not entitled to summary judgment as a matter of law because the Lawrason Act and the Town of Gramercy policy on resignation set forth certain requirements for a resignation to be effective. With respect to the Lawra-son Act claim, the trial court correctly pointed out that the Lawrason Act does not create a stand-alone cause of action for damages. Rider v. Ambeau, 07-0681 (La.App. 1 Cir. 12/21/07), 973 So.2d 177. Furthermore, the Lawrason Act, as set forth in La. R.S. 33:321, et seq., does not prescribe any requirements or rules for voluntary resignation of personnel, only hiring and involuntary terminations. With respect to the claim under the Town of Gramercy policy on resignation, the two-week notice requirement in that policy is not an absolute requirement, but rather a conditional one which requires a ‘ two- [ «week notice for those employees to be considered for future employment with the town.- Officer Detillier’s. resignation was effective when he signed and delivered it; therefore, defendants are entitled to summary judgment as a matter of law.
CONCLUSION
Upon our de novo review, and for the reasons stated above, we affirm the rulings of the trial court in denying Officer Detillier’s motion to strike and granting defendants’ motion for summary judgment.

AFFIRMED