PER CURIAM.
hln this personal injury-uninsured motorist (“UM”) liability coverage case, the State Commissioner of Insurance did not provide a UM form with a selection for combined single limit (“CSL”) automobile' insurance when the insured purchased its policy. This writ concerns whether the insured’s modifications to the UM form selecting lower limits with a CSL indication in place of “each person" on the UM *128 form was effective. For the following reasons, we reverse and vacate the judgment of the Court of Appeal and reinstate the District Court’s judgment granting the insurer’s motion for summary judgment, which found the modifications to the form were effective.
This matter arises out of an automobile accident which occurred in October 2011 when a vehicle operated by Merlyn Rodgers rear-ended a vehicle operated by Crystal Bell and owned by Compass Behavioral Center of Crowley (“Compass”). Plaintiffs include the driver and the passengers of the rear-ended Compass-owned vehicle. After filing suit against Ms. Rodgers and her insurer, plaintiffs amended their petition, alleging entitlement to uninsured motorist coverage and naming Compass’ insurer, Progressive Insurance Company. (“Progressive”), as a defendant.
At issue in this application is the UM policy limits Compass purchased from | ¡¿Progressive. Prior to the instant accident, Compass purchased a CSL automobile insurance policy which provided $1 million in liability coverage. On November 28, 2007, Compass — through its representative, Mark Cullen — executed ' an Uninsured/Underinsured Motorist Bodily Injury Coverage Form (the “UM form”) issued by the Commissioner of Insurance in compliance with former Louisiana Revised Statute 22:680, which is currently Louisiana Revised Statute 22:1295. Critically, it is undisputed the form provided by the State Commissioner of Insurance at that time did not provide a box for addressing CSL policies. Although Mr. Cullen did not recall executing the form, he identified his initials and signature on the form. The second of five options provided on the form was selected by the placement of Mr. Cullen’s initials in the line provided on the form:
I select UMBI Coverage which will compensate me for my economic and non-economic losses with limits lower than my Bodily Injury Liability Coverage limits:
$_ each person $_ each accident
The term “$100,000” was inserted in the blank preceding “each person.” Additionally, the phrase “each person” was struck out, and “CSL” was handwritten over the word “person.” The top of the form indicates that “[tjhis form may not be altered or modified.”
Progressive filed a motion for summary judgment, asserting that Compass selected UM coverage in the amount of $100,000 “combined single limits” and that it was entitled to summary judgment to that effect. Plaintiffs filed cross motions for summary judgment, arguing that Compass’ UM form was invalid and, therefore, Progressive’s UM policy provided $1 million in CSL coverage. Alternatively, plaintiffs argued the UM policy provide $100,000 per person in CSL coverage.
Following a hearing, the District Court denied plaintiffs’ cross motions for summary judgment and granted Progressive’s motion for summary judgment, [¡¡finding that the UM policy issued by Progressive was for a $100,000 CSL policy. As a factual matter, the District Court found that it was clear Compass intended to purchase a $100,000 CSL policy for UM coverage and that Compass’ representative, Mr. Cullen, had “no doubt what he was signing.” As support for this factual conclusion, the District Court noted that, when Mr. Cullen was asked why he had “written that in the box, the CSL,” Mr. Cullen replied, “[b]ecause that was going to — by doing that that was going to save us. We didn’t want a million dollars of CSL, the combined, so we wanted to lower — to lower the policy to lower premium.” Citing *129 Wart v. Progressive Sec. Ins. Co.,[1] the District Court concluded that it did not think that the UM insurer
should be punished because the State didn’t provide an adequate form. The policy purchaser was clear what he wanted. There’s no ambiguity in the entry CSL .... [T]here’s no doubt that on both sides of this contract the parties were clear on what was being negotiated, what was being ;paid for and what was being paid for is a single limit of $100,000 in uninsured motorist coverage.
Although Mr. Cullen did alter the form to specify the agreement between the parties as to the level of coverage that was being sought, the District Court pointed out that the State issued an amended form in August 2008 — less than a year after Mr. Cullen filled out. the UM form — which provided a box to address CSL policies. According to the District Court, this amendment evidenced the State recognized its previous form was deficient.
The Court of Appeal reversed, finding Compass’ attempt to choose lower UM policy limits ineffective because Compass violated the directions on the form when Mr. Cullen altered the form by striking out the words “per person” and inserting the word “CSL” above it. Even if such an alteration was allowed, the Court of Appeal took issue with Mr. Cullen’s failure to initial the modification. Moreover, according to the Court of Appeal, there was no need for the form to be modified at all because, pursuant to the terms of Progressive’s policy, the policy’s |4CSL coverage was “per accident” not “per person,” Therefore, Mr. Cullen needed only to insert $100,000 in the blank for “each accident” to make a valid selection of lower UM coverage per accident in the amount of $100,000.
We disagree with the Court of Appeal’s conclusions. Under Louisiana Revised Statute 22:1295, no policy of automobile insurance “shall be delivered or- issued for delivery in this state” without UM -coverage in an amount “not less than-the limits of bodily injury , liability provided by the policy.” This mandate can be modified, and UM coverage “is not applicable when any insured named in the -policy either rejects coverage, selects lower limits, or selects economic-only coverage, • in the manner provided in Item (l)(a)(ii) of this Section.” La: R.S: 22:1295(l)(a)(i) (emphasis added). Item (l)(a)(ii) of Revised Statute 22:1295 requires that the “rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance ” and that “[a] properly completed and signed form creates a re-buttable presumption that the insured knowingly rejected [UM] coverage, selected a lower, limit, or selected economic only coverage.” (emphasis added).
In Duncan v. U.S.A.A. Ins. Co., this Court identified the six .tasks which must be performed in order to complete the UM form prescribed by 'the "commissioner of insurance:
Essentially, the prescribed form involves six tasks: (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and- each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date.[2]
*130 Consistent, with Duma% we find Compass fulfilled all six of the required tasks necessary to properly complete the waiver form: (1) Mr, Guilin, Compass’ representative, initialed , the selection of coverage chosen, (2) he filled in the |5amount of coverage Compass selected, (3) he printed his name on the form* (4) he signed his name on the form, (5) he filled in the policy number, and (6) he filled in the date. ■ According to Mr. Cullen, who testified via affidavit, he intended the word “CSL” to mean “Combined Single Limit.”. Thus, Compass’ waiver was not formally deficient.
The Court of Appeal determined that Mr. Cullen’s alteration of the form fatal to his attempt to select lower policy limits. However, because we find the UM form provided by the Commissioner of Insurance did not provide a means to select lower UM limits in a CSL policy, Progressive should not be penalized for the State’s failure to provide an adequate UM form.[3] Moreover, we fully agree with the District Court that the UM form in this case clearly reflects Compass’ decision to choose lower policy limits.
Accordingly, we reverse and vacate the judgment of the Court of Appeal, reinstate the judgment of the District Court, and remand for further proceedings.
REVERSED; VACATED; REMANDED.

. 43,954 (La.App. 2 Cir. 4/8/09), 7 So.3d 865.

. 06-363, pp. 11-12 (La. 11/29/06), 950 So.2d 544, 551.

. Wart v. Progressive Sec. Ins. Co., 43,954, p. 6 (La.App. 2 Cir. 4/8/09), 7 So.3d 865, 869.