## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**18-547 consolidated with 18-763**

ED STONE, ET AL.

VERSUS

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, ET AL.

**********

ON APPLICATION FOR SUPERVISORY WRITS
FROM THE SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 28,822
HONORABLE KATHY A. JOHNSON, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and Van H. Kyzar, Judges.

**THIBODEAUX, Chief Judge, concurs in the result.**

**REVERSED AND RENDERED.**

**Steven B. Rabalais**
**Melvin A. Eiden**
**Rabalais & Hebert**
**701 Robley Drive, Suite 210**
**Lafayette, LA 70503**
**(337) 981-0309**
**COUNSEL FOR DEFENDANT/APPLICANT:**
     **Sentry Select Insurance Company**

**Barry A. Roach**
**Christopher S. Lacombe**
**Larry A. Roach, Inc.**
**2917 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-8504**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Ed Stone, Individually and as duly authorized agent**
    **of River City Logistics, Inc.**

**Christina S. Slay**
**Bolen, Parker, Brenner, Lee & Engelsman, APLC**
**P. O. Box 11590**
**Alexandria, LA 71315-1590**
**(318) 445-8236**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **Allstate Property and Casualty Insurance Company**

**GREMILLION, Judge.**

Sentry Select Insurance Company (Sentry) seeks our exercise of supervisory jurisdiction to reverse the trial court's denial of its motion for summary judgment. Sentry also asks in this application that we reverse the trial court's grant of summary judgment in favor of Mr. Ed Stone. In a consolidated matter, *Ed Stone, et al. v. Allstate Prop. and Cas. Ins. Co.*, 18-763, Sentry also appeals the trial court's judgment in favor of Mr. Stone. For the reasons that follow, we grant Sentry's application for supervisory writs and make that grant peremptory.

### FACTS AND PROCEDURAL POSTURE

Ms. Denise McClendon is the president of River City Logistics, Inc. In August 2015, she procured a policy of automobile liability insurance from Sentry on behalf of River City Logistics. Her agent, Mr. Don Pridgen, sent her a form for the rejection of or selection of lower limits of uninsured/underinsured motorist coverage (UM). Ms. McClendon placed a check mark in the space beside the clause indicating rejection of UM. She then signed and dated the form and returned it to Mr. Pridgen. The agency called her and told her she had to initial the space. The form was returned to Ms. McClendon, who initialed in a space drawn by someone in Mr. Pridgen's office immediately adjacent to the check-marked space.

On April 28, 2016, an accident between a Peterbilt truck driven by Mr. Stone and owned by River City Logistics, his employer, and a Chevrolet Silverado driven by Mr. Stephen Card allegedly occurred on U.S. Highway 84 east of Jonesville, Louisiana. Mr. Stone sued Mr. Card, Allstate Property and Casualty Insurance Company, Mr. Card's insurer, and Sentry as River City Logistics' UM carrier for damages he incurred in the accident.

Sentry filed a motion for summary judgment in which it asserted that there was no UM. Sentry relied, in its motion, on an affidavit executed by Ms. McClendon

that affirmed her authority to execute the UM waiver on River City Logistics' behalf and recounts the events surrounding its execution. Mr. Stone filed his own motion for summary judgment and asserted that the policy did provide UM because the UM waiver had not been properly executed. The trial court denied Sentry's motion and granted Mr. Stone's. Sentry then filed this application for supervisory writs and an appeal of the judgment. We granted writs and determined that, in the interests of judicial economy and efficiency, an opinion from the court should be held in abeyance pending briefing in the appeal. *Stone v. Allstate Prop. and Cas. Ins. Co.*, 18-547 (La.App. 3 Cir. 9/10/18) (unpublished ruling).

## ANALYSIS

On appeal, summary judgments are reviewed de novo. *Magnon v. Collins*, 98–2822 (La.7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id.* This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). This means that judgment must be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. *Id.* If the opposing party cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, no genuine issues of material fact exist. *Id.*

Material facts are those that determine the outcome of the legal dispute. *Soileau v. D & J Tire, Inc.*, 97–318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97–2737 (La.1/16/98), 706 So.2d 979. In deciding whether facts are material to an action, we look to the applicable substantive law. *Id.* Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

*Am. Zurich Ins. Co. v. Caterpillar, Inc.*, 12-270, pp. 4-5 (La.App. 3 Cir. 10/3/12), 99 So.3d 739, 742-43.

Whole forests have been felled to publish the myriad cases discussing whether UM waivers are valid. In *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544, the Louisiana Supreme Court conducted an exhaustive examination of

2

the legislature's struggles to address the toll this issue has taken on the legal and physical environment of the State; and this case will not restate that effort. The key point in *Duncan* is the conclusion drawn by the supreme court: the legislature ceded to the Insurance Commissioner the responsibility to formulate a uniform UM rejection/selection form, and, "Pursuant to that mandate, compliance with the form prescribed by the commissioner of insurance is necessary for the UM waiver to be valid." *Id.* at 553. Post-*Duncan*, the focus of courts was not to be on the intent of the parties, i.e., whether the insured knowingly rejected UM, but on compliance with formal requirements.

*Duncan* has faced significant criticism. As the leading Louisiana treatise on insurance succinctly put it:

> The *Duncan* decision was unduly strict. Since the insured had only one automobile liability policy, there was no reasonable doubt that the waiver was applicable to that policy and that the insured had made an informed decision to reject UM coverage. The insignificant omission of the policy number gave the insured a windfall for which he had paid no premium. The commissioner's form is completed many times daily throughout the state. Insignificant mistakes are inevitable. Such mistakes should not invalidate the form when there is no reasonable doubt of the insured's intent. *Duncan* has spawned a new wave of wasteful waiver litigation, unfairly compensates persons who paid no premium for UM coverage that they knowingly waived and ultimately places the financial burden of their windfall through increased insurance premiums on those with the foresight to purchase UM coverage.

15 La. Civ. L. Treatise, Insurance Law & Practice § 4:8 (4th ed.). *Duncan* has also been distinguished by many courts of appeal and the supreme court. In *Lynch v. Kennard*, 09-282 (La. 5/15/09), 12 So.3d 944, the supreme court refused to invalidate a waiver that was dated by the insured's secretary. In doing so, the supreme court stated that the properly completed form established a rebuttable presumption that the insured knowingly rejected UM. *Id.* So, the issue of whether a waiver was knowing was once again relevant to the discussion.

3

Mr. Stone argues that the fact that Ms. McClendon initialed the form after she signed it renders the rejection invalid. This argument is based upon the instructions contained in Bulletin 08-02, which states the following:

•The following tasks must be completed by the insured:

- His/Her signature

- His/Her printed name to identify his/her signature

- The date the form is completed

- Initials to select/reject UMBI coverage prior to signing the form.

These instructions are not, however, provided to the insured, which merely instructs:

> By law, your policy will include UMBI Coverage at the same limits as your Bodily Injury Liability Coverage unless you request otherwise. If you wish to reject UMBI Coverage, select lower limits of UMBI Coverage, or select Economic-Only UMBI Coverage, you must complete this form and return it to your insurance agent or insurance company.

In no way does the form prescribe that the insured must initial the selection or rejection before signing it. The parties and the court should be able to look to the four corners of the rejection form to determine its validity; to reiterate the supreme court's holding in *Lynch*, 12 So.3d 944: a properly executed form creates a rebuttable presumption of a knowing waiver. Resorting to extrinsic evidence should only occur in instances of doubt. In the present instance, only the extrinsic evidence, Ms. McClendon's affidavit, would have indicated to anyone that the form was initialed after it was signed. We find this argument of Mr. Stone to be without merit.

Mr. Stone also argues that the form was not properly completed because Ms. McClendon placed a check mark in the space in which she was to have initialed her rejection of UM. As a corollary to this argument, Mr. Stone also asserts that by adding an additional blank and initialing the form, the agency and Ms. McClendon altered the form in violation of La.R.S. 22:1295 (formerly La.R.S. 22:680,

4

renumbered by 2008 La. Acts No. 415, §1). We will address the placing of the check mark first.

The instructions contained on the form clearly indicated that Ms. McClendon was to have initialed the form in the appropriate space. Instead, she placed a check mark in the space. When informed that her initials were required, Ms. McClendon initialed the blank space added by her agent. Our colleagues of the first circuit faced a similar scenario in *Green v. State Farm Mut. Auto. Ins. Co.*, 07-94 (La.App. 1 Cir. 11/2/07), 978 So.2d 912, *writ denied*, 08-74 (La. 3/7/08), 977 So.2d 917. The insured representative attested by affidavit that she personally placed the "X" in the rejection space and personally initialed next to the space. Under these circumstances, the court of appeal found the rejection was valid. In the present matter, the only distinguishing factor from *Green* is the blank drawn by the agency for Ms. McClendon to initial.

Mr. Stone argues that Bulletin 08-02 forbids altering a form. The form approved by the commissioner does state, "This form may not be altered or modified[.]" We note, however, that the form approved by the commissioner in 1998 contained the same language. The Louisiana Supreme Court, in the *per curiam* opinion in *Tuson v. Rodgers*, 15-1334 (La. 10/30/15), 178 So.3d 127, reversed a panel of this court, which had invalidated the selection of lower limits by the insured, who materially altered the form to provide for a selection of lower UM limits on a combined single-limit basis, which the form did not seem to allow. The form then provided only for selection of an amount of coverage for "each person" and an amount for "each accident." *Id.* The insured struck through the phrase "each person" and wrote "CSL" above it. *Id.*

In *Scarborough v. Randle*, 12-1061 (La.App. 3 Cir. 2/6/3), 109 So.3d 961, we found valid a rejection form that omitted the wording from the commissioner's form

5

that the form could not be modified or altered and which contained an abbreviated name for the insured.

Clearly, according to the Louisiana Supreme Court and this court, some alterations of the form do not rise to the level of invalidating the insured's selection or rejection of UM. In the present case, the insured's representative altered the form to make her rejection definitive. In no way can Ms. McClendon initialing the form as well as placing a check mark next to her selection be construed as creating any ambiguity in her selection; indeed, it further demonstrates Ms. McClendon's unmistakable intent to waive UM. We agree with the result reached by the first circuit in *Green*, 978 So.2d 912. This argument lacks merit.

## CONCLUSION

Despite the rigidity of the holding in *Duncan*, 950 So.2d 544, subsequent jurisprudence indicates that mere formal deviation from the commissioner's form is not sufficient to invalidate a UM waiver that unmistakably signifies the insured's rejection or selection. That Ms. McClendon intended to reject UM lies beyond all doubt.

The judgment of the trial court denying Sentry Select Insurance Company's motion for summary judgment and granting the motion for summary judgment in favor of Mr. Ed Stone is reversed. Judgment is rendered herein in favor of Sentry Select Insurance Company and against Mr. Ed Stone dismissing the demands against Sentry Select Insurance Company. All costs of this appeal and in the court below are taxed to Plaintiff/Respondent/Appellee, Ed Stone.

**REVERSED AND RENDERED.**